## Colson v. Hillman Land & Iron Company.

(Decided April 22, 1919.)

### Appeal from Trigg Circuit Court.

1. Adverse Possession—Burden of Proof.—Where a plaintiff claims land by adverse possession and acknowledges that the defendant was the legal title holder and rightful owner at the time he took adverse possession, the burden is upon plaintiff to establish his right; and where the question of adverse possession is properly submitted to a jury, the verdict will not be disturbed where there is evidence to sustain it.

2. Trial—Instructions.—It is not reversible error for a trial court to reject an instruction offered by a party where the same subject is fully covered by instructions given by the court.

3. Boundaries—Evidence—Sufficiency.—Where boundary lines are in dispute and the evidence heard by the jury with respect to the lines and corners is all with reference to a map before the jury, and the lines and corners are referred to as "the line run from here to there," and the corners as "this corner or that corner," without indicating the line by its termini, or the corners by name or number, the evidence when thus transcribed, being unintelligible to this court, will be presumed to sustain the verdict of the jury.

J. T. GORDON and MAX HANBERRY for appellant.

KELLY & KING for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Colson instituted this action on the 11th of September, 1917, in the Trigg circuit court against the Hillman Land & Iron Company, alleging that he was the owner and in the possession of a described tract of land, containing 50 acres, more or less, lying in Trigg county on Elbow creek between Cumberland and Tennessee rivers, and that the land company had entered upon his lands and cut timber and was asserting title to the lands described. He prayed that his title be forever quieted and for all proper relief. To the petition was attached a copy

of the deed under which Colson claims title. The answer admitted that plaintiff was the owner of the 50-acre tract described in his deed and petition, but it denied it had trespassed upon the lands of plaintiff described in the petition, and averred that appellee was the owner of a large boundary of land surrounding that of appellant and that appellant had encroached upon the lands of appellee and had enclosed some part thereof and was setting up claim to it. By reply Colson averred that a line had been established between his lands and that of the land company by agreement entered into between him and the agents of the land company having the lands in charge and that the same had been plainly marked more than fifteen years before the commencement of the action, and that he had held and claimed the land for the statutory period adversely to the land company and all persons whomsoever.

While the action was properly cognizable in equity it was submitted to a jury and a verdict returned for the defendant land company. Motion and grounds for new trial being overruled, Colson appeals.

Appellant's chief insistence is (1) that the verdict is contrary to the evidence; (2) the trial court rejected instruction "O," offered by appellant, and refused to properly instruct the jury. Some other grounds are mentioned in the motion for new trial, but not urged in brief, and we do not consider them of sufficient importance to warrant a discussion. The evidence is not very long, but owing to the fact that the questions asked and answers given refer to a map which was before the jury without designating the particular lines and corners to which the witnesses' attention was being called, and the evidence directed, we are utterly unable to determine from the record whether the verdict is sustained by the evidence or not. To illustrate, the appellant Colson makes the following answer on first page of his evidence: "Along the west side here (indicating to a plat) there is a hickory and a line running this way through to this corner (indicating), with an off-set of sixteen feet. Something like that way—and then come back to this corner here (indicating) and run straight. Mr. Barstow and me agreed on this line here (indicating)." From this testimony we are unable to tell where the hickory mentioned stands with reference to the lands in controversy, or

which line the witness refers to as "running this way through to this corner (indicating)," nor the direction which it ran from the statement, "something like that.", Nor where the second corner stands which is referred to as follows: "And then come back to this corner here (indicating) and run straight." The evidence throughout is about the same. We can not see the map and understand the evidence as it was presented to the jury and are, therefore, unable to determine that the jury's finding of fact is incorrect. If the maps which were before the jury are the same as the ones in the record, counsel on either side could have elucidated the record for this court by referring to the corners by number or by name or letter. This, however, was not done. We conclude, therefore, that the verdict is sustained by the evidence.

Instruction "O," offered by appellant, is as follows: "The court further says to the jury, that if you believe from the evidence that C. W. Barstow and Charlie Dunagin, or either of them, were the agents of the defendant, Hillman Land & Iron Company, and further believe from the evidence that they or either of them, were authorized by the agency, to make and establish lines between the defendant company lands and the lands of other landowners, and further believe from the evidence that they, or either of them, under such authority, did make and establish and agree with the *defendant Colson*, the line claimed by defendant mentioned herein, then in that event the defendant company is estopped from claiming the land in controversy and you will find for the plaintiff the land in controversy." This instruction was rejected by the court, and we think properly so in view of the other instructions given by the court. There does not appear to have been any competent evidence proving or tending to prove that Barstow or Dunagin, or either of them, were the agents of the Hillman Land & Iron Company, because agency can not be proven by the declarations of the alleged agent, and if Barstow was the agent of the company there is nothing to indicate that he had power or authority to establish new lines or make grants of lands for the company. However, the court gave an instruction directing the jury to find for Colson if it believed from the evidence that the authorized agent of the land company recognized the lines as claimed by Colson to be the true division line between his

property and that of the company, and since the jury found for the company they must have concluded either that the agents of the company did not agree with Colson concerning the establishment of the line or that they had not recognized the line after its establishment. The jury was also instructed to find for Colson if the land in controversy lay within the boundary described in his deed and petition, or had been held and claimed adversely by Colson for as much as fifteen years next before the commencement of the action, and upon this issue the jury found against Colson. When all of the instructions are considered together they are more favorable to appellant than he was entitled. Appellant admits tacitly, if not expressly, that the lands in controversy once belonged to appellee land company, and his sole claim thereto is based upon adverse possession because it is clearly evident that his deed does not cover it. It is also manifest that appellant has encroached more or less upon the lands of appellee. All these questions were submitted to the jury by instructions which were as favorable to appellant as he could claim, and having been determined against him, must, under the state of the record, be affirmed.

Judgment affirmed.